IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER C. AQUIAR,

    Plaintiff,

v.                                                No. CIV 02-665 RCB/RHS

TOMMY D. WATSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment in Plaintiff's Favor, filed July 1, 2003, [Doc. No. 48], and Plaintiff's Motion in Opposition to Defendant's Request to Submit to a Polygraph Test, filed August 26, 2003. [Doc. No. 53]. Having considered the pleadings and the entire record, the Court finds that both motions should be denied.

Plaintiff, Peter Aquiar, who is incarcerated and proceeding *pro se* and *in forma pauperis,* filed this case pursuant to 42 U.S.C. §1983, alleging that he was the victim of sexual assault and harassment by Defendant, Tommy Watson, a former correctional officer at the Lea County Correctional Facility ("LCCF"). Although the Court in its Order of June 2, 2003, urged Defendant to consider obtaining assistance of counsel to defend him against Plaintiff's claims, Mr. Watson is also proceeding *pro se.*

Defendant responded to the Complaint in a letter which the Court has liberally construed as an Answer. No formal pleadings have been filed by Mr. Watson. It is apparent to the Court

-1-

that Defendant has also delivered information directly to Plaintiff (regarding the polygraph issue) that is not a part of the record in this case.

Although the behavior of *pro se* litigants may be judged more leniently than that of represented litigants, close supervision by the Court appears to be required to avoid additional procedural problems which might prevent the expeditious resolution of this litigation. Initially, the Court must emphasize that it has no ability to address issues that are the subject of private correspondence. Defendant is strongly urged to avoid communication with the Plaintiff that is not made part of the record in this case. Furthermore, Defendant should understand that his lack of response to Plaintiff's Motion for Judgment in Plaintiff's Favor could be construed by the Court , pursuant to D.N.M. LR-Civ. 7.1(b), as consent to grant the motion. It would be inappropriate for the Court to impose such a penalty on Defendant in this case, and the Court will not take such drastic action. Nevertheless, whether Defendant is represented by counsel or continues to proceed *pro se,* he will hereafter be required to respond to motions filed by Plaintiff according to the Federal Rules of Civil Procedure and the District of New Mexico Local Rules.

Cooperation of the parties is essential to provide the Court with adequate information to resolve this case. Under the circumstances, it cannot be reasonably expected that either unrepresented party would be able to conduct a deposition. The Court, having considered that Plaintiff is incarcerated, that Defendant is no longer employed by LCCF, and that both parties are *pro se,* finds that service of interrogatories would be the most practical discovery method for eliciting evidence in this case.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Judgment on the Merits, filed July 1, 2003 [Doc. No. 48], is DENIED.

2. Plaintiff's Motion in Opposition to Defendant's Request to Submit to Polygraph Test, filed August 26, 2003 [Doc. No. 53], is DENIED.

3. Each party may serve the other party with up to 25 written interrogatories, to be answered separately and fully in writing under oath, unless objections are made pursuant to Fed. R. Civ. P. 33. The interrogatories should be served on the opposing party no later that November 15, 2003, and are to be answered within thirty days of receipt unless an extension of time is granted by the Court. The parties are hereby notified that they will be bound by their interrogatory answers and that the elicited information may be used by the Court on the disposition of this case on the merits. No additional discovery will be permitted without leave of the Court.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE