IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER C. AQUIAR,

    Plaintiff,

v.                                                                  No. CIV. 02-665 RCB/RHS

TOMMY D WATSON,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment filed May 24, 2004 [Doc. No. 63].  Plaintiff, Peter Aquiar, who is incarcerated and proceeding pro se and in forma paupaeris, filed this case pursuant to 42 U.S.C. § 1983, alleging that he was the victim of sexual assault and harassment by Defendant Watson, a former correctional officer at the Lea County Correctional Facility.  Defendant seeks a summary judgment dismissal of Aquiar's claim based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff has not responded to the motion.

    2.  Under 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions, regardless of whether a plaintiff is suing for injunctive relief or money damages. Booth v. Churner et al., 531 U.S. 956 ( 2001). Congress has eliminated both discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain,

speedy and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. Id. at 740.

3. The PLRA's exhaustion requirement applies to all suits about prison life. Porter v. Nussle, 534 U. S. 516, 525 (2002). In the case of prisoner civil-rights complaints, the prisoner must provide a clear statement of the important facts supporting his claim and explain his attempts to exhaust available administrative remedies. Steele v.Federal Bureau of Prisons, 355 F. 3d 1204, 1207 (10th Cir. 2003). In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e. Id. To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.

4. Plaintiff cannot create a due process claim by ignoring established procedures. "The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure." Santana v. City of Tulsa, _F.3d_, No. 03-5056 (10th Cir. Feb. 25, 2004) quoting Dusanek v.Hannon, 677 F.2d 538, 542-43 (7th Cir. 1982).

5. In the present case, Plaintiff has provided no documentation or other information concerning attempts to exhaust administrative remedies. Plaintiff has not complied with the mandate of § 1997e and the Court therefore recommends that summary judgment be granted .

Defendant also contends that summary judgment must be granted as to Plaintiff's state claims because Plaintiff failed to exhaust his administrative remedies under NMSA 1978 § 33-2-

11(A) (2002).  Because the Court has already determined that summary judgment is appropriate on Plaintiffs §1983 claim for failure to exhaust under 42 U. S. C. § 1997( e), the issue of whether summary judgment would also be appropriate for failure to exhaust under the cited New Mexico statute will not be addressed. To the extent any state claims remain unadjudicated, this Court recommends that supplemental jurisdiction be refused. See 28 U. S. C. § 1367( c); <u>Amazon, Inc. v.Dirt Camp,Inc</u>., 273 F. 3d 1271, 1276 (10th Cir. 2001).

### Recommendation

The undersigned Magistrate Judge recommends that Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's civil rights complaint be DISMISSED WITHOUT PREJUDICE.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  Any party hereto must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE